IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER MALTEZOS, | : | CIVIL ACTION NO. **4:CV-11-2376** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| NIKITAS GIANNAKOUROS, a/k/a NICK | : | |
| and MARIA DELORENZO, | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

**I.  Background.**

On July 26, 2011, Plaintiff Alexander Maltezos, a resident at 909 Thrid Avenue, pob 6800, New York, NY, 10150, filed, *pro se,* a Complaint in the United States District Court for the Eastern District of Pennsylvania against Defendants Maria Delorenzo, Nikitas (a/k/a Nick) Giannakouros, and Leo Sokoloski, Chief of Police of the Bloomsburg Poilce Department.  (Doc. 3).  Plaintiff also filed a Motion to proceed *in forma pauperis*.  The Court granted Plaintiff 's  *in forma pauperis* Motion and directed that the Summons be issued and forwarded to the U.S. Marshal for the Eastern District of Pennsylvania to serve the three Defendants.  (Doc. 2).  The Summons was then issued as to the three Defendants and forwarded to the U.S. Marshal.

On October 20, 2011, Defendant Sokoloski filed a Motion to Strike Plaintiff 's Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), and the Court granted it on November 23, 2011.  (Docs. 4 & 6).  The Court also *sua sponte* transferred this case to  the United States District Court for the Middle District of Pennsylvania with respect to the two remaining Defendants, Giannakouros and Delorenzo.

After this case was transferred, a review of the docket revealed that service had not been effected as to Defendants Giannakouros and Delorenzo.  The United States Marshal attempted to serve Defendants Giannakouros and Delorenzo at three addresses provided by Plaintiff in his Complaint, namely, 619 East Second Street, Bloomsburg, PA, 176 Susquehanna Blvd., W. Hazleton, PA, and 371 Poplar Street, Hazelton, PA.   On February 6, 2012, the U.S. Marshal  returned  the Summons as to these two Defendants as "Unexecuted - [3] addresses provided are vacant properties - no further info. provided on new addresses of defendants." (*See* Doc. 9).   Thus, on March 14, 2012, we issued an Order and stated that if Plaintiff wished his suit to proceed against Defendants Giannakouros and Delorenzo, he was directed to provide the Court with more specific information as to these individuals, within fifteen (15) days of the date of this Order, so that service could be effected upon them.   (Doc. 11).  Plaintiff filed his response to our Order on March 23, 2012, and he provided additional information as to the addresses of Defendants Giannakouros and Delorenzo. (Doc. 12).  Plaintiff again listed the three stated Pennsylvania addresses of Defendants Giannakouros and Delorenzo which he previously provided and the U.S. Marshal found to be vacant properties.  Plaintiff also provided a new address for Defendants, namely, 2455 Pio Nono Avenue, Bibb County, Macon, Georgia. Plaintiff stated that Defendant Giannakouros owned property in Bibb County, that Giannakouros has a fake driver's license for Georgia, and that Giannakouros is an illegal alien.

On March 29, 2012, we issued an Order directing the Clerk of Court to issue process to the United States Marshal and directing the United States Marshal to serve Plaintiff's Complaint upon Defendants Giannakouros and Delorenzo in accordance with Rule 4 at the addresses Plaintiff stated

in his Doc. 12 filing. (Doc. 13).   The United States Marshal returned  the Summons as to these two Defendants after service was attempt on Defendants at Pio Nono Avenue, Macon, Georgia, as "Unexecuted." The Marshal indicated that the address provided "is a closed restaurant-closed & empty building." (*See* Doc. 15).   Thus, the U.S. Marshal has attempted to serve Defendants Giannakouros and Delorenzo at all of the addresses Plaintiff provided.   There are no other addresses of record as to where Defendants Giannakouros and Delorenzo can be served.    This case, pending since July 26, 2011, cannot proceed without proper service on Defendants Giannakouros and Delorenzo.

## II. Discussion.

In his 3-page typed Complaint, Plaintiff states that he is a U.S. citizen and a resident of New York.   In his Complaint, Plaintiff stated that he did not know of which countries Defendants Giannakouros and Delorenzo are citizens but he averred  that these Defendants  resided in Pennsylvania. Plaintiff also averred that Defendant Giannakouros was an "Illegal Allien (sic)." (Doc. 3).

In his Complaint, Plaintiff averred that in 2008, seemingly while he was still a citizen of Greece, he went to the United States and performed computer work for Defendant Giannakouros, and that this Defendant failed to pay him his labor cost in the amount of $30,000.  Plaintiff also averred that in December 2009, while he was back in Greece he assisted Defendant Giannakouros in finding an attorney after Giannakouros was arrested by the Department of Homeland Security and confined in jail in Buffalo, New York.  Plaintiff alleges that Defendant Giannakouros owes him $5000 for the work he did to find Giannakouros an attorney.  Finally, Plaintiff averred that in

January 2010, he arrived back in the United States from Greece and went to Defendant Giannakouros' house in West Hazelton, PA, and for 47 days he performed telecommunications and computer work for this Defendant.  Plaintiff avers that Giannakouros owes him $70,500 for this work.

 In his Complaint, Plaintiff further alleged that on March 17, 2010, he asked Defendant Giannakouros to pay him for the work he performed and that Giannakouros pulled a 12 inch kitchen knife on him and hit him in the face, and that Giannakouros threatened to kill him.  Plaintiff averred that he called the police, that two officers arrived and, that  he explained what Giannakouros did.  Plaintiff stated that the police officers did not arrest Giannakouros and that they rushed him (Plaintiff) to a motel without his personal belongings, including his U.S. Passport and his tools.  Plaintiff stated that as of the date of his Complaint, the police have failed to respond to his letters requesting the return of his property.

 As relief, Plaintiff requests $1 million in damages.

 Plaintiff does not make any allegations against Defendant Delorenzo in his Complaint and Defendant Police Chief Sokoloski was dismissed by the E.D. Pa. District Court.   Plaintiff seems to invoke the jurisdiction of this Court for his action, including his  breach of contract claims against Defendant Giannakouros, based on diversity, 28 U.S.C. §1332.  Plaintiff also seems to assert a state law assault and battery claim against Defendant  Giannakouros.

 Initially, since Plaintiff fails to state any claim against Defendant Delorenzo, this Defendant should be dismissed.   Further, Plaintiff does not properly state  breach of contract claims against Defendant  Giannakouros.  Nor does Plaintiff indicate if his contracts to perform the computer and

telecommunications work for Defendant Giannakouros were written or oral contracts, and he does not state the terms of the contracts.

In *Vassalotti v. Wells Fargo Bank, N.A.*, –F.Supp.2d–, 2011 WL 4402145, *4, the Court stated that the elements of a breach of contract claim under Pennsylvania law are:

> "there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach." *McShea v. City of Phila.,* 606 Pa. 88, 995 A.2d 334, 340 (Pa. 2010) (citing *Hart v. Arnold,* 884 A.2d 316, 332 (Pa.Super.Ct.2005)). "It is a familiar rule of contract law, adopted and applied by the courts of Pennsylvania, that a party breaches a bilateral contract when he does improperly or fails to do something which he has expressly or impliedly undertaken to do to facilitate the performance of the other party." *Johnson v. Fenestra, Inc. (Erection Div.),* 305 F.2d 179, 181 (3d Cir.1962) (citations omitted).

In *McCloskey v. Novastar Mortg., Inc.*, 2007 WL 2407103, *5 (E.D. Pa. 8-21-07), the Court stated that an enforceable contract exists under Pennsylvania law if:

> (1) the parties have manifested an intent to be bound by the agreement's terms; (2) the terms are sufficiently definite; and (3) there was consideration. *In re Estate of Hall,* 731 A.2d 617, 621 (Pa.Super.Ct.1999). *See also Mazzella v. Koken,* 559 Pa. 216, 739 A.2d 531, 536-37 (Pa.1999) (noting that in order to enforce an agreement " 'the minds of the parties should meet upon all the terms, as well as the subject-matter, of the [agreement].' " (citation omitted)).

Thus, we find that Plaintiff has failed to state a cognizable breach of contract claim against Defendant Giannakouros.

Moreover, since the two remaining Defendants, Giannakouros and Delorenzo, have yet to be served with Plaintiff's Complaint, since Plaintiff does not know where Defendants currently reside, since the U.S. Marshal has expended considerable time and money in trying to serve these two Defendants at the addresses Plaintiff provided and, since it is now about nine (9) months after

Plaintiff filed his  Complaint (July 26, 2011), we shall recommend that Plaintiff's Complaint as against these two Defendants  be dismissed without prejudice.  Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m).

Plaintiff has not shown good cause for his failure to provide the proper addresses as to where the U.S. Marshal can serve Defendants Giannakouros and Delorenzo.  Rather, it is now clear that Plaintiff simply does not know where Defendants Giannakouros and Delorenzo reside or can be located.  Further, Plaintiff states that Defendant Giannakouros is an illegal alien in the United States and that both Defendants are "criminals" and that he has notified authorities in Pennsylvania, Wachington, D.C., and Georgia "to assist in the apprehension of these individuals ASAP."  (Doc. 12).  It has been well over 120 days (*i.e.* almost nine months) since Plaintiff filed his Complaint. (Doc. 3).  As stated, the initial Pennsylvania addresses of Defendants Plaintiff provided were not correct and the U.S. Marshal could did not serve Defendants.   We then gave Plaintiff an opportunity to provide the proper addresses for the U.S. Marshal to serve Defendants Giannakouros and Delorenzo.  (Doc. 11).  The U.S. Marshal again attempted to serve Defendants at the Georgia address Plaintiff provided but to no avail.  Plaintiff has failed to show good cause why he has not

provided the proper addresses of these two Defendants so that they could be served with his Complaint  under Rule 4(m).

As the Court noted in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis.* ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ). Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service." (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

As stated,  more than 120 days have passed since Plaintiff filed his Complaint, and to date, Plaintiff has not identified the proper addresses of Defendants Giannakouros and Delorenzo so that

service of his Complaint (Doc. 3) can be made upon them.  Since Plaintiff has not provided proper addresses of these  two Doe Defendants, service of his Complaint cannot be effectuated on them and his case cannot proceed.  Further, since Plaintiff has not shown good cause for his failure to provide proper addresses for Defendants Giannakouros and Delorenzo, we shall recommend these two Defendants be dismissed without prejudice under Rule 4(m).

Additionally, to the extent Plaintiff indicates that Defendants Giannakouros and Delorenzo are now residing at 2455 Pio Nono Avenue, Bibb County, Macon, Georgia  (Doc. 12), we find that the Court, may transfer Plaintiff's case to the Eastern District of New York where Plaintiff resides. We find that  if, in fact, Defendants are now in Georgia as Plaintiff claims, then in the interest of justice, this case may be transferred to the Eastern District of New York.   If Defendants are in Georgia, then no party to this action is located in the Middle District of Pennsylvania, and we find that Plaintiff's case with respect to his claims against Defendants may be transferred to the Eastern District of New York where Plaintiff resides since this may be the more  convenient forum pursuant to 28 U.S.C. §1404(a).

A  court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought.  28 U.S.C. §1404(a).  Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

8

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3;

*Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10

Memorandum.

> In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

>> It is well settled that a court may transfer any civil action for the
>> convenience of the parties or witnesses, or in the interest of justice,
>> to any district where the action might have been brought. 28 U.S.C.
>> § 1404(a). The United States Supreme Court in *Hoffman v. Blaski,*
>> 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized
>> that under § 1404(a), a civil action may be transferred by a district court
>> to another district court where that action may have been
>> brought by the plaintiff.

> In *Brown v. Maue*, 2005 WL 1420776, *1 (M.D. Pa.), the Court stated:

>> "the purpose of [§ 1404(a) ] is to prevent the waste of time, energy, and money
>> and to protect litigants, witnesses and the public against unnecessary inconvenience
>> and expense." *Id.* (internal quotations omitted). Although the court has discretion
>> to transfer venue, "a motion to transfer is not to be liberally granted."
>> *Measurement Specialties, Inc. v. Stayhealthy.com,* 275 F. Supp.2d 638, 640
>> (E.D. Pa. 2003)."

We find that the Court may transfer Plaintiff's case to the District Court for the Eastern

District of New York. Significantly, as stated, none of the parties appear to be located in the Middle

District of Pennsylvania.

Therefore, in the alternative to dismissal of this case, we find that, for the convenience of

the parties, this case as against Defendants Giannakouros and Delorenzo may be transferred to the

District Court for the Eastern District of New York. *See Vangura Kitchen Tops, Inc. v. C&C North*

*America, Inc.*, 2008 WL 4540186, *3 citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

### III.  Recommendation.

Based on the above, it is respectfully recommended that since Plaintiff has not shown good cause for his failure to provide proper addresses for Defendants Giannakouros and Delorenzo, that Plaintiff's Complaint **(Doc. 3)** as against  these two Defendants be dismissed without prejudice under Rule 4(m).

Finally, it is recommended that this case be closed.


 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 23, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDER MALTEZOS, | : | CIVIL ACTION NO. **4:CV-11-2376** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| NIKITAS GIANNAKOUROS, a/k/a NICK | : | |
| and MARIA DELORENZO, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 23, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


              **s/ Thomas M. Blewitt**
             **THOMAS M. BLEWITT**
             **United States Magistrate Judge**

**Dated: April 23, 2012**